James Banker (SBN 317242)
DIGITAL JUSTICE FOUNDATION
210 Flamingo Road, #424
Las Vegas, Nevada 89169
(714) 722-5658
JimBanker@Gmail.com

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

*Attorneys for Plaintiff Andrew D. Sosa*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW SOSA,<br>*Plaintiff,*<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC.,<br>YOUTUBE LLC,<br>WARNER DOES,<br>YOUTUBE DOES<br>*Defendants.* | Case No. 3:25-cv-01310-WHO<br><br>**First-Amended Complaint**<br><br>*[Jury Trial Demanded]* |

Plaintiff Andrew Sosa hereby brings this action against Defendants Warner Bros. Entertainment Inc. ("Warner"), Warner's undisclosed agents herein referred to as Warner Does, YouTube LLC ("YouTube"), and YouTube's undisclosed agents herein referred to as YouTube Does, based upon personal knowledge, upon information and belief where applicable, and upon the investigation of counsel.[1]

---

[1] All emphasis added unless otherwise indicated.

First-Amended Complaint
3:25-cv-01310-WHO

1

# CONTENTS

NATURE OF THE CASE ........................................................................................................ 4

PARTIES TO THE ACTION .................................................................................................. 4

JURISDICTION & VENUE ................................................................................................... 5

FACTUAL ALLEGATIONS .................................................................................................. 8

I.    WARNER'S KNOWING MISREPRESENTATIONS IN A NOTICE OF CLAIMED COPYRIGHT
      INFRINGEMENT, 17 U.S.C. § 512(F) ..................................................................... 8

      A.    Defendants Named ......................................................................................... 8

      B.    Person ............................................................................................................... 8

      C.    Misrepresentation ........................................................................................... 9

      D.    Under §512 ..................................................................................................... 10

      E.    Materiality ..................................................................................................... 11

      F.    Knowledge .................................................................................................... 11

            i.      Actual Knowledge ............................................................................ 11

            ii.     Willful Blindness ............................................................................. 12

      G.    Statutory Standing ....................................................................................... 12

            iii.    Type of Person .................................................................................. 12

            iv.     Type of Injury ................................................................................... 13

      H.    Damages ......................................................................................................... 14

      I.    Prayer for Relief ........................................................................................... 14

II.   WARNER'S UNLAWFUL AND UNFAIR ACTS IN THE CONDUCT OF ITS BUSINESS, CAL. BUS. &
      PROF. CODE 17200 ET SEQ. .................................................................................... 15

      A.    Defendants Named ....................................................................................... 15

      B.    Unfair Competition ...................................................................................... 15

            v.      Unlawful Acts ................................................................................... 15

            vi.     Unfair Acts ........................................................................................ 15

      C.    Statutory Standing ....................................................................................... 16

            vii.    Person ................................................................................................. 16

First-Amended Complaint
3:25-cv-01310-WHO

|  |  | viii. | Injury in Fact | 17 |
|  |  | ix. | Lost Money or Property | 17 |
|  |  | x. | Causation | 17 |
|  | D. | | Prayer | 18 |
| III. | | | YOUTUBE'S UNLAWFUL AND UNFAIR ACTS IN THE CONDUCT OF ITS BUSINESS, CAL. BUS. & PROF. CODE 17200 *ET SEQ.* | 19 |
|  | E. | | Defendants Named | 19 |
|  | F. | | Unfair Competition | 19 |
|  |  | xi. | Unfair Acts | 19 |
|  | G. | | Statutory Standing | 20 |
|  |  | xii. | Person | 20 |
|  |  | xiii. | Injury in Fact | 20 |
|  |  | xiv. | Lost Money or Property | 21 |
|  |  | xv. | Causation | 21 |
|  | H. | | Prayer | 21 |
| JURY DEMAND | | | | 22 |
| CERTIFICATE OF SERVICE | | | | 22 |

First-Amended Complaint
3:25-cv-01310-WHO

**NATURE OF THE CASE**

1.  This action asserts violations of the Copyright Act's anti-takedown provisions and the California Unfair Competition Law.

**PARTIES TO THE ACTION**

2.  _Plaintiff Andrew Sosa_: Plaintiff Abraham Leavitt is a natural person and a citizen of the State of Washington.  He resides in Mercer Island, Washington.

3.  _Defendant Warner Bros. Entertainment Inc._: Warner Bros. Entertainment ("Warner" or "WB") is a corporate entity that is subject to suit in this Honorable. Court.  Warner is a major Hollywood studio.

4.  _Defendants Warner Does_: The Warner Does are the persons, unnamed, who acted on behalf of Warner with respect to the issues in this lawsuit such that they would properly be named in the case are expected to be identified in discovery, including but not limited to Warner's DMCA agents and contractors.

5.  _Defendant YouTube LLC_: YouTube LLC ("YouTube" or "YT") is a corporate entity that is subject to suit in this Honorable Court.  YT operates an online streaming business that permits third-party posting.

6.  _Defendants YouTube Does_: The YouTube Does are the persons, unnamed, who acted on behalf of YouTube with respect to the issues in this lawsuit such that they would properly be named in the case are expected to be identified in discovery, including but not limited to YouTube's agents and contractors who make and implement content decisions on its platform at issue here.

First-Amended Complaint
3:25-cv-01310-WHO

**JURISDICTION & VENUE**

7. _Subject-Matter Jurisdiction_: This Honorable Court has original and supplemental jurisdiction over the subject matter of this civil action.

   a. This Honorable Court has original federal-question jurisdiction over the copyright claims because they arise under federal law. *See* 28 U.S.C. § 1331. Moreover, insofar as the copyright-related claims arise under Acts of Congress relating to copyrights, this Court's original jurisdiction is _exclusive_ federal jurisdiction – *i.e.*, federal subject-matter jurisdiction that excludes the state courts from hearing such claims or causes. *See* 28 U.S.C. § 1338(a).

   b. This Honorable Court has original jurisdiction over the state-law claims pertaining to violations of California's laws of unfair competition because they are joined with substantial and related copyrights claims. *See* 28 U.S.C. § 1338(b). In the alternative, this Court can exercise its discretionary supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a).

8. _Personal Jurisdiction_: This Honorable Court has, or will have upon effectuation of service, jurisdiction over the persons joined in this action.

   a. This Honorable Court has, or will have, jurisdiction over Warner. On information and belief, Warner's principal place of business is Burbank, California, because it is headquartered there. Thus, general or all-purpose jurisdiction over Warner is Constitutionally permissible here in California. *See*, *e.g.*, *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021) ("general" or "all-purpose" jurisdiction lies in a corporation's "principal place of business"). In turn, California permits jurisdiction wherever it is Constitutionally permissible. *See* Cal. Civ. Civ. Proc. Code § 410.10. Thus, proof of proper service establishes personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A).

b.  This Honorable Court has, or will have, jurisdiction over YouTube.  On information and belief, YouTube's principal place of business is San Bruno, California, because it is headquartered there.  Thus, general or all-purpose jurisdiction over YouTube is Constitutionally permissible here in California.  *See*, *e.g.*, *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021) ("general" or "all-purpose" jurisdiction lies in a corporation's "principal place of business").  In turn, California permits jurisdiction wherever it is Constitutionally permissible.  *See* Cal. Civ. Civ. Proc. Code § 410.10.  Thus, proof of proper service establishes personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A).

c.  This Honorable Cout has, or will have, jurisdiction over the Warner Does and YouTube Does upon service upon them.  Insofar as they were acting as the agents or contractors in the facts described below, they are subject to the claim-specific jurisdiction of California courts and, accordingly, proof of service upon them will establish personal jurisdiction over them.

9.  *Venue*: This Honorable Court is a proper venue for this civil action.

a.  Both Warner and YouTube are deemed to reside in this judicial district (as well as any other judicial district in California) because they are defendants subject to personal jurisdiction in California.  *See* 28 U.S.C. § 1391(c)(2).  Accordingly, if all of the Warner Does and, likewise, all of the YouTube Does as well reside in California, then this venue is a proper venue based upon defendant residency.  *See* 28 U.S.C. § 1391(b)(1).

b.  Alternatively , if any Warner or YouTube Doe does not reside in California, then this venue is a proper venue because a meaningful portion of the events that ultimately gave rise to the dispute took place here.  *See* 28 U.S.C. § 1391(b)(2).  As a further alternative, venue is proper based upon personal jurisdiction.  *See id.* § 1391(b)(3).

First-Amended Complaint
3:25-cv-01310-WHO

10.   _Intradistrict Assignment_:  This action is subject to district-wide assignment because it asserts claims involving intellectual-property rights.  *See* N.D. Cal. General Order 44, at 1¶3-2¶3.

# FACTUAL ALLEGATIONS

## I.    WARNER'S KNOWING MISREPRESENTATIONS IN A NOTICE OF CLAIMED COPYRIGHT INFRINGEMENT, 17 U.S.C. § 512(f)

11.    The defendants named have violated the provisions of the Digital Millenium Copyright Act ("DMCA") that prohibit misrepresentations in a notice of claimed copyright infringement, as codified at 17 U.S.C. § 512(f).

### A.    Defendants Named

12.    These claims asserting violations of the DMCA's §512(f) anti-abuse provisions are brought against Warner and the Warner Does.  These claims under the DMCA's §512(f) anti-abuse provisions are *not* brought against any other Party – *i.e.*, are *not* brought against YouTube or the YouTube Does.

### B.    Person

13.    The DMCA's §512(f) anti-abuse provisions place within the ambit of liability any "*person*" who abuses the DMCA in the manner prohibited.  17 U.S.C. § 512(f) ("Any *person* who knowingly materially misrepresents under this section […] shall be liable[.]").  In legal contexts, the word "person" does not only refer to individuals, but also includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."  1 U.S.C. § 1.

14.    Warner is a person.  Warner is a Delaware-incorporated corporation with a principal place of business in California.  As a corporation, Warner is a person and is subject to liability under the DMCA's §512(f) anti-abuse provisions.

15.    The Warners Does are persons.  On information and belief, they are corporations, companies, associations, firms, partnerships, societies, joint stock companies, and/or individuals – as will be determined after the Warner Does are identified and their personhood established in

discovery. Thus, the Warner Does are persons and are subject to liability under the DMCA's §512(f) anti-abuse provisions.

## C.    Misrepresentation

16. The DMCA's §512(f) anti-abuse provisions apply to two general types of misrepresentations: either **(1)** misrepresentations "that material or activity is infringing," or **(2)** misrepresentations "that material or activity was removed or disabled by mistake or misidentification[.]"  17 U.S.C. § 512(f), (f)(1)-(2).

   a. The first type of misrepresentation that material is infringing pertains to misrepresentation that would be made in a DMCA takedown request, *i.e.*, in a notification of claimed infringement made under 17 U.S.C. § 512(c)(3)(A) where one of the elements of the notification requires the person sending the notification to identify "the material that is claimed to be infringing or to be the subject of infringing activity[,]" 17 U.S.C. § 512(c)(3)(A)(ii), and where another element requires the person to state that they have a "good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law[,]" 17 U.S.C. § 512(c)(3)(A)(v).

   b. The second type of misrepresentations pertains to misrepresentation that would be made in a DMCA counter-notice, *i.e.*, in a counter-notification made under 17 U.S.C. § 512(g)(3) where one of the elements of the counter-notification requires the person sending the counter-notification to include a statement of a " good faith belief that the material was removed or disabled as a result of mistake or misidentification[,]" 17 U.S.C. § 512(g)(3)(C).

17. Warner and the Warner Does made the first type of misrepresentation, *i.e.*, that Mr. Sosa's video was infringing.

18. As discovery will demonstrate, Warner and the Warner Does sent a false noticed of claimed infringement to YouTube as to Mr. Sosa's video review of a Batman movie he had seen. Specifically, it was false because it asserted infringement of Warner's Batman movie, yet it did not include expression from Batman's movie and, even if it had, it was direct commentary and a movie review such that any such commentary would constitute a fair use. The video at issue doesn't show images from the movie, for example,  and wasn't infringing upon the movie.

19. In the alternative, Warner and the Warner Does may also have claimed that Mr. Sosa's video was infringing a movie poster or a depiction of a Batman character in a video game, but Mr. Sosa is not sure and understands at this point that the notice of claimed infringement pertained to the movie.  Yet, even if these additional works were made, these were plainly not infringements because they were fair uses targeted at and discussing the Batman movie that the poster was displaying and were, accordingly, fair uses, even if these were included at all.

D.    **Under §512**

20. The DMCA's anti-abuse provisions only apply to misrepresentations "*under this section*" – *i.e.*, misrepresentation under 17 U.S.C. § 512.  17 U.S.C. § 512(f) ("who knowingly materially misrepresents *under this section*").  The federal courts have interpreted the phrase "under this section" to mean that the misrepresentation must be made either in one of two possible ways: either **(i)** in a DMCA takedown request, *i.e.*, a misrepresentation that material or activity is infringing in a notification of claimed infringement sent pursuant to 17 U.S.C. § 512(c)(3)(A) or 17 U.S.C. § 512(d)(3), or **(ii)** in a DMCA counter-notice, *i.e.*, a misrepresentation that material or activity was removed or disabled by mistake in a counter-notification sent pursuant to 17 U.S.C. § 512(g).

21.    Warner and the Waner Does made the above-described misrepresentations in a copyright takedown and notice of claimed infringement that was sent to YouTube and, accordingly, they were a representation pursuant to Section 512.

### E.    Materiality

22.    The DMCA's §512(f) anti-abuse provisions require that the misrepresentation "*materially* misrepresents*" whether there is infringement or removal by mistake or misidentification. 17 U.S.C. § 512(f) (liability against any person "who knowingly *materially* misrepresents under this section"). The federal courts have interpreted a misrepresentation to be material when the misrepresentation results in content being removed or replaced, such that the DMCA takedown or DMCA counter-notice containing the misrepresentation caused the service provider to effectuate the request based upon the misrepresentation.

23.    The misrepresentation was material. Warner's and the Warner Does' takedown request was material both in the sense that it caused YouTube to remove the video at issue and in the sense that it was not a small error. If the misrepresentations were correct, this would still constitute infringement.

### F.    Knowledge

####        i.    *Actual Knowledge*

24.    The DMCA's §512(f) anti-abuse provisions require that the misrepresentation be made "*knowingly*[.]" 17 U.S.C. § 512(f) (liability against any person "who *knowingly* materially misrepresents under this section").

25.    Warner and the Warner Does had actual knowledge that their assertions were false. Specifically, a Warner agent or contractor admitted in an email to Mr. Sosa that the reason for the takedown was spoilers, not claimed infringement, so the Warner and Warner Does didn't

believe in the veracity of their claims of infringement.  Indeed, spoilers – that do not include copyrighted expression from the movie – cannot constitute infringement.

26.  Moreover, Warner and the Warner Does's knowledge of falsehood is shown by the fact that they later withdraw the notice of claimed infringement – conceding that it was not accurate and that it was not infringement.

27.  Moreover, insofar as the takedown was sent by Warner and the  Warner Does for reasons of spoilers, discovery will show that they did not consider fair use.

28.  Moreover, their pretextual use of the takedown system to advance other business interests is itself indicia that Warner and the Warner Does knew what they were doing was wrong.

29.  Knowledge of wrongdoing by Warner and the Warner Does is further implicated by the fact that Warner and the Warner Does are on information and belief highly sophisticated on copyright law.

30.  Moreover, this is not the first time that Warner or the Warner Does have undertaken this non-copyright takedown before, including against Mr. Sosa and others similarly situated to himself.

### ii.    *Willful Blindness*

31.  In the alternative, Warner and the Warner Does were willfully blind of their false assertions.

## G.    **Statutory Standing**

### iii.    *Type of Person*

32.  The DMCA's §512(f) anti-abuse provisions confer upon four categories of persons statutory standing to sue: **(i)** the "alleged infringer," **(ii)** the "copyright owner[,]" **(iii)** "the copyright owner's authorized licensee," or **(iv)** the "service provider."  17 U.S.C. § 512(f) (stating that the DMCA abuser "shall be liable for any damages, including costs and attorneys' fees,

incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider").

33. Mr. Sosa has statutory standing.  He can sue under the DMCA's §512(f) anti-abuse provisions because Warner's and the Warner Does' notification of claimed infringement alleged that Mr. Sosa's video was infringing and, therefore, alleged that Mr. Sosa is an infringer.  Alleged infringers have statutory standing to bring suit.  Accordingly, Mr. Sosa has statutory standing.

            iv.    _Type of Injury_

34. The DMCA's anti-abuse provisions indicate that there is an additional injury requirement for statutory standing, at least for service providers.   Specifically, the DMCA anti-abuse provisions require service providers must have been "injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it."  17 U.S.C. § 512(f).  The courts have not determined whether this additional requirement also applies to the other categories of persons with statutory standing – _i.e._, alleged infringers, copyright owners, authorized licensees.

35. Mr. Sosa does need to make a separate injury showing to have statutory standing.  Mr. Sosa contends the additional statutory injury requirement only applies to service providers – and does not apply to the other categories of persons who can bring suit under the DMCA's §512(f) anti-abuse provisions.   Because Mr. Sosa is not a service provider, the injury requirement for statutory standing does not apply to him.

36. Nonetheless, and in the alternative, Mr. Sosa has suffered injury as a result of YouTube relying upon Warner's and the Warner Does' misrepresentation.

        a.   Loss of money from YouTube channels.

   b.  Loss of Goodwill / engagement / algorithmic priority for the video itself, the channel,

       and the creator

   c.  Mental stress and costs

   d.  Travel and lodging associated with research activities

   e.  Time spent trying to get it back up / opportunity cost of hours spent

**H.**   **Damages**

37.  Mr. Sosas has suffered damages.

**I.**   **Prayer for Relief**

1.  WHEREFORE, Mr. Sosa hereby prays to this Honorable Court for relief in the form of:

   a.  Damages

   b.  Attorney fees.

   c.  Declaratory relief.

   d.  Other appropriate relief.

**II.    WARNER'S UNLAWFUL AND UNFAIR ACTS IN THE CONDUCT OF ITS BUSINESS, CAL. BUS. & PROF. CODE 17200 *ET SEQ.***

2.    The defendants named have violated the provisions of the California Unfair Competition Law ("UCL"), prohibiting unlawful and unfair business practices competition by businesses, as codified at Cal. Bus. & Prof. Code § 17200, *et seq.*

**A.    Defendants Named**

3.    These claims asserting violations of California's UCL are brought against Warner and the Warner Does.  These UCL claims are *not* brought against any other Party – *i.e.*, are *not* brought against YouTube or the YouTube Does.

**B.    Unfair Competition**

4.    The UCL defines "unfair competition" as, in pertinent part, "any unlawful, unfair or fraudulent business act or practice[.]"  Cal. Bus. & Prof. Code § 17200.  Warner's business acts and practices constitute unfair competition, as defined.

*v.    Unlawful Acts*

5.    Warner and the Warner Does committed unlawful acts by violating 17 U.S.C. § 512(f) as alleged above.  These acts were unlawful under the DMCA and, accordingly, are unlawful acts under the UCL as well.

*vi.    Unfair Acts*

6.    In addition, Warner and the Warner Does committed unfair acts in relation this suit that, both individually and taken together, constitute unfair acts.

a.    As discovery will demonstrate, Warner and/or the Warner Does had a working relationship with Mr. Sosa, but although they could have contacted him and notified him of their problems with his video, they just proceeded with a takedown without consulting him – or permit him to edit his video to avoid disputes.

b.  As discovery will demonstrate, Warner and/or the Warner Does knew the contact information of Mr. Sosa but did not separately notify Mr. Sosa such that he could quickly respond to the takedown, even if Warner and the Warner Does were going to send it against him.

c.  As discovery will demonstrate, Warner and the Warner Does sent a notice of claimed infringement having at least reason to know that the notice of claimed infringement was false or misrepresented and, that accordingly, the notice should not have been sent at all.

d.  As discovery will demonstrate, Warner and Warner Does use their size and leverage and negotiating power with a platform like YouTube to prioritize their business interests over other creators in a manner that produces unfair competitive effects against smaller creators.

e.  As discovery will demonstrate, Warner and the Warner Does have practice of using their copyright takedowns to serve business interests beyond the protection of their intellectual property rights, which constitutes an abuse and misuse of their legal protections for non-copyright purposes.

C.      **Statutory Standing**

7.  The UCL permits a private right of action to be asserted "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.  Cal. Bus. & Prof. Code § 17204.  Mr. Sosa is such a person.

    *vii.    Person*

8.  The UCL defines a "person" to "mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons."  Cal. Bus. & Prof. Code § 17201.

9.  Mr. Sosa is a natural person.  Accordingly, he is a person as defined by the UCL.

### viii.    Injury in Fact

10. Mr. Sosa suffered injury in fact.  Warner's and the Warner Doe's caused him injury, including but not limited to (1) loss of money through the loss of monetized views of his video, (2) loss of money through the loss of return views to his channel on other videos, (3) loss of his video on the platform for an important period of time, (4) loss of good will with his customers, *etc.* These types of losses are sufficient to constitute injury in fact.  These are substantial and significant disruptions to Mr. Sosa because they not only harm him but disrupted his movement into his desired profession, squelched his speech, and harmed his viewers from seeing his content and engaging with it.

### ix.    Lost Money or Property

11. Ms. Sosa lost money and property here.  Warner's and the Warner Doe's caused him injury, including but not limited to (1) loss of money through the loss of monetized views of his video, (2) loss of money through the loss of return views to his channel on other videos, (3) loss of his video on the platform for an important period of time, (4) loss of good will with his customers that could permit further monetization, *etc.*  These types of losses are monetary in nature.

### x.    Causation

12. Both the injury in fact and the loss of money and property were caused as a result of the unlawful and unfair acts.  Specifically, if Warner had not violated the law and, accordingly, had not send the notice of claimed infringement, Mr. Sosa's video would not have been taken down and these losses wouldn't have accrued.  Moreover, if Warner and the Warner Does had not undertaken these unfair acts and practices, Mr. Sosa either would not have had his video

taken down, could have edited it to avoid the takedown, or could have gotten his video returned more quickly.

**D.      <u>Prayer</u>**

13.     WHEREFORE, Mr. Sosa hereby prays to this Honorable Court for relief in the form of:

      a.   Appropriate injunctive relief.

      b.   Restitution for lost money and property.

      c.   Attorney fees.

      d.   Declaratory relief.

      e.   Other appropriate relief.

First-Amended Complaint
3:25-cv-01310-WHO

III.    **YOUTUBE'S UNLAWFUL AND UNFAIR ACTS IN THE CONDUCT OF ITS BUSINESS, CAL. BUS. & PROF. CODE 17200 *ET SEQ.***

14. The defendants named have violated the provisions of the California Unfair Competition Law ("UCL"), prohibiting unlawful and unfair business practices competition by businesses, as codified at Cal. Bus. & Prof. Code § 17200, *et seq.*

E.    **Defendants Named**

15. These claims asserting violations of California's UCL are brought against YouTube and the YouTube Does.  These UCL claims are *not* brought against any other Party – *i.e.*, are *not* brought against Warner or the Warner Does.

F.    **Unfair Competition**

16. The UCL defines "unfair competition" as, in pertinent part, "any unlawful, unfair or fraudulent business act or practice[.]"  Cal. Bus. & Prof. Code § 17200.  YouTube's business acts and practices constitute unfair competition, as defined.

xi.    *Unfair Acts*

17. YouTube and YouTube Does committed unfair acts in relation this suit that, both individually and taken together, constitute unfair acts.

  a.  As discovery will demonstrate, YouTube failed to process and respect the counternotice when filed despite facing immunity under the DMCA for processing the counternotice.

  b.  As discovery will demonstrate, YouTube failed to reasonably apply its content-detection methods, such as but not limited to Content ID, to determine that the overlap between the purportedly infringing material and the purportedly infringed material was non-existent or extremely limited – or, in the alternative, failed the properly implement this finding and investigation.

c.  As discovery will demonstrate, once Warner withdrew the notice of claimed infringement, YouTube failed to make Mr. Sosa whole for the withdrawn claim by placing the video taken down on the same footing as to where it would have been had the withdrawn claim not been filed at all.

d.  As discovery will demonstrate, YouTube failed to immediately transfer the notice of claimed infringement (as it was filed) to Mr. Sosa, but rather obscured key information from his knowledge and purvey.

e.  As discovery will demonstrate, YouTube has relationships with Warner and Warner Does that leverage their size and leverage and negotiating power with a platform like YouTube to prioritize Warner and YouTube's business interests over other creators in a manner that produces unfair competitive effects against smaller creators.

**G.  <u>Statutory Standing</u>**

18. The UCL permits a private right of action to be asserted "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204. Mr. Sosa is such a person.

*xii.   <u>Person</u>*

19. The UCL defines a "person" to "mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code § 17201.

20. Mr. Sosa is a natural person. Accordingly, he is a person as defined by the UCL.

*xiii.   <u>Injury in Fact</u>*

21. Mr. Sosa suffered injury in fact. YouTube and YouTube Doe's caused him injury, including but not limited to (1) loss of money through the loss of monetized views of his video, (2) loss

of money through the loss of return views to his channel on other videos, (3) loss of his video on the platform for an important period of time, (4) loss of good will with his customers, *etc.* These types of losses are sufficient to constitute injury in fact. These are substantial and significant disruptions to Mr. Sosa because they not only harm him but disrupted his movement into his desired profession, squelched his speech, and harmed his viewers from seeing his content and engaging with it.

*xiv.*    <u>Lost Money or Property</u>

22. Ms. Sosa lost money and property here. YouTube and YouTube Does caused him injury, including but not limited to (1) loss of money through the loss of monetized views of his video, (2) loss of money through the loss of return views to his channel on other videos, (3) loss of his video on the platform for an important period of time, (4) loss of good will with his customers that could permit further monetization, *etc.* These types of losses are monetary in nature.

*xv.*    <u>Causation</u>

23. Both the injury in fact and the loss of money and property were caused as a result of the unlawful and unfair acts. Specifically, if YouTube and the YouTube Does had replaced the

**H.**    <u>**Prayer**</u>

24. WHEREFORE, Mr. Sosa hereby prays to this Honorable Court for relief in the form of:

     a.   Appropriate injunctive relief.

     b.   Restitution for lost money and property.

     c.   Attorney fees.

     d.   Declaratory relief.

     e.   Other appropriate relief.

**JURY DEMAND**

1.    A jury trial is hereby demanded by as to all issues so triable.

Dated: July 21, 2025                        Respectfully submitted,

                                            */s/ Ryan Hamilton*
                                            Ryan Hamilton (SBN 291349)
                                            HAMILTON LAW LLC
                                            5125 South Durango, Suite C
                                            Las Vegas, Nevada 89113
                                            (702) 818-1818
                                            Ryan@HamLegal.com

                                            *Attorney for Plaintiff*


**CERTIFICATE OF SERVICE**

        I certify that the foregoing has been served via **electronic filing** via this Court's CM/ECF system.

DATED: July 21, 2025                        Respectfully submitted,

                                            */s/ Ryan Hamilton*
                                            Ryan Hamilton