Sunita Bali, Bar No. 274108
SBali@perkinscoie.com
Jameson Ullman, Bar No. 345480
JUllman@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone:    +1.415.344.7000
Facsimile:  +1.415.344.7050

Hayden M. Schottlaender, TX Bar No. 24098391
Admitted *pro hac vice*
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201-3347
Telephone:    +1.214.965.7700
Facsimile:  +1.214.965.7799

*Attorneys for Defendant YouTube, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW SOSA,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>Defendants. | Case. No. 3:25-cv-01310-WHO<br><br>**YOUTUBE, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:    October 15, 2025<br>Time:    2:00 p.m.<br>Location: Courtroom 2, 17th Floor<br>Judge:    William H. Orrick |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ......................................................................... 8

II. BACKGROUND ........................................................................... 9

III. ARGUMENT .............................................................................. 10

    A.  THE CDA BARS THIS ACTION. ........................................... 10

        1.  YouTube is immunized by Section 230(c)(1) because its removal of Plaintiff's video is quintessential "publisher" activity. ............ 10

        2.  YouTube is immunized by Section 230(c)(2) because potentially liability-creating content is "objectionable." ...................... 12

    B.  YOUTUBE IS IMMUNIZED FROM PLAINTIFF'S UCL CLAIM BY THE DMCA. ...... 14

    C.  EVEN IF THE DMCA DOES NOT IMMUNIZE YOUTUBE'S CONDUCT HERE, THE DMCA NECESSARILY PREEMPTS PLAINTIFF'S STATE-LAW CLAIM. ...... 15

    D.  PLAINTIFF HAS NOT ADEQUATELY ALLEGED A UCL CLAIM. ............ 17

        1.  Plaintiff cannot maintain his requested relief under the UCL. ...... 18

        2.  Plaintiff has not adequately alleged that YouTube acted unfairly under the UCL. ............................................. 20

    E.  AMENDMENT TO IDENTIFY THE YOUTUBE DOES WOULD BE FUTILE. ...... 22

IV. CONCLUSION .......................................................................... 23

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
5
    No. C 10-05696 CRB, 2011 WL 2690437 (N.D. Cal. July 8, 2011) ...................................16

6

*Ashcroft v. Iqbal*,
7
    556 U.S. 662 (2009)..........................................................................................................17

8

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ....................................................................................11, 12

9

*Batzel v. Smith*,
10
    333 F.3d 1018 (9th Cir. 2003), *superseded in part on other grounds by statute*
    *as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759 (9th Cir. 2017)...........................13
11

12

*Bayer v. Neiman Marcus Grp., Inc.*,
    861 F.3d 853 (9th Cir. 2017) ...........................................................................................19

13

*Bell Atl. Corp. v. Twombly*,
14
    550 U.S. 544 556 (2007)...................................................................................................17

15

*Beyond Blond Prods., LLC v. Heldman*,
16
    No. 20-CV-5581, 2020 WL 4772796 (C.D. Cal. Aug. 17, 2020) .........................................16

17

*Blocker v. Black Entertainment Television, LLC*,
18
    No. 3:17-CV-01406-AC, 2018 WL 3797568 (D. Or. June 26, 2018), *report*
    *and recommendation adopted*, No. 3:17-CV-01406-AC, 2018 WL 3795219
19
    (D. Or. Aug. 8, 2018) ......................................................................................................15

20

*Calise v. Meta Platforms, Inc.*,
21
    103 F.4th 732 (9th Cir. 2024) ..........................................................................................11

22

*Casterlow-Bey v. Google.com Inc.*,
    No. 17-CV-05686-RJB, 2017 WL 6732787 (W.D. Wash. Dec. 29, 2017) ...........................15

23

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
24
    20 Cal. 4th 163 (1999) .....................................................................................................20

25

*Cinq Music Grp., LLC v. Create Music Grp., Inc.*,
26
    No. 22-CV-07505, 2023 WL 4157446 (C.D. Cal. Jan. 31, 2023) ..................................15, 16

27

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...........................................................................................19
28

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ..........................................................................21

*Divino Grp., LLC v. Google LLC*,
   No. 19-cv-04749, 2022 WL 4625076 (N.D. Cal. Sept. 30, 2022) ........................11

*Duste v. Chevron Prods. Co.*,
   738 F. Supp. 2d 1027 (N.D. Cal. 2010)..............................................................18

*Dyroff v. Ultimate Software Grp., Inc.*,
   934 F.3d 1093 (9th Cir. 2019) ..........................................................................11

*Easton v. Crossland Mortg. Corp.*,
   114 F.3d 979 (9th Cir. 1997) ............................................................................15

*Fair Hous. Council v. Roommates.com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) ..........................................................................11

*Fields v. Twitter, Inc.*,
   217 F. Supp. 3d 1116 (N.D. Cal. 2016) (Orrick, J.), *aff'd*, 881 F.3d 739 (9th
   Cir. 2018)......................................................................................................12

*Freeman v. ABC Legal Servs., Inc.*,
   877 F. Supp. 2d 919 (N.D. Cal. 2012)...............................................................19

*Gill v. Marsh USA, Inc.*,
   No. 24-cv-02366-RS, 2024 WL 3463351 (N.D. Cal. July 18, 2024)....................18

*Hafiz v. Indymac Fed. Bank*,
   No. C 09-02300 SI, 2009 WL 2982830 (N.D. Cal. Sept. 14, 2009) .......................8

*Hall v. YouTube, LLC*,
   No. 24-cv-04071-WHO, 2025 WL 1482007 (N.D. Cal. May 5, 2025)
   (Orrick, J.) ..............................................................................................8, 12

*Hendrickson v. eBay, Inc.*,
   165 F. Supp. 2d 1082 (C.D. Cal. 2001) .............................................................22

*Hillsborough County v. Automated Med. Lab'ys, Inc.*,
   471 U.S. 707 (1985) .......................................................................................15

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) ............................................................................21

*HomeAway.com, Inc. v. City of Santa Monica*,
   918 F.3d 676 (9th Cir. 2019) ............................................................................13

4

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) .................................................................................17

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) .................................................................................17

*Jeske v. Maxim Healthcare Servs., Inc.*,
  No. CV F 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) .............................22

*Kellman v. Spokeo*,
  599 F. Supp. 3d 877 (N.D. Cal. 2022) (Orrick, J.) ...............................................21

*Key v. Qualcomm Inc.*,
  129 F.4th 1129 (9th Cir. 2025) ..............................................................................20

*Klayman v. Zuckerberg*,
  753 F.3d 1354 (D.C. Cir. 2014) ..............................................................................22

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ........................................................................................18

*Lemmon v. Snap, Inc.*,
  995 F.3d 1085 (9th Cir. 2021) ..............................................................................22

*Lenz v. Universal Music Corp.*,
  No. C 07-03783 JF, 2008 WL 962102 (N.D. Cal. Apr. 8, 2008).........................16

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) ..............................................................................17

*Lloyd v. Facebook, Inc.*,
  No. 21-cv-10075-EMC, 2022 WL 4913347 (N.D. Cal. Oct. 3, 2012) .................................21

*Long v. Dorset*,
  369 F. Supp. 3d 939 (N.D. Cal. 2019), *aff'd*, 854 F. App'x 861 (9th Cir.
  2021), *and vacated in part on other grounds*, No. 17-CV-02758-PJH, 2021
  WL 7829668 (N.D. Cal. May 21, 2021) ..............................................................14

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ..............................................................................17

*McCann v. Lucky Money, Inc.*,
  129 Cal. App. 4th 1382 (2005) ..............................................................................20

*Meyer v. Aabaco Small Bus., LLC*,
  No. 5:17-cv-02102-EJD, 2018 WL 306688 (N.D. Cal. Jan. 5, 2018) .................................22

*Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*,
   No. 21-CV-06536-EMC, 2022 WL 580788 (N.D. Cal. Feb. 25, 2022)................................16

*Perfect 10, Inc. v. Yandex N.V.*,
   No. C 12-01521 WHA, 2013 WL 1899851 (N.D. Cal. May 7, 2013) ................................13

*Russo v. Fed. Med. Servs., Inc.*,
   744 F. Supp. 3d 914 (N.D. Cal. 2024).................................................................................22

*Sikhs for Just. "SFJ", Inc. v. Facebook, Inc.*,
   144 F. Supp. 3d 1088 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir.
   2017) ...................................................................................................................................11

*Sonner v. Premier Nutrition Corp.*,
   971 F. 3d 834 (9th Cir. 2020) ............................................................................................19

*Stanford Health Care v. Trustmark Servs. Co.*,
   No. 22-cv-03946-RS, 2023 WL 2743581 (N.D. Cal. Mar. 31, 2023)...................................18

*Stardock Sys., Inc. v. Reiche*,
   No. C 17-07025 SBA, 2019 WL 8333514, at *4 (N.D. Cal. May 14, 2019) .......................16

*Wakefield v. Thompson*,
   177 F.3d 1160 (9th Cir. 1999) ...........................................................................................22

*Weizman v. Talkspace, Inc.*,
   705 F. Supp. 3d 984 (N.D. Cal. 2023)..........................................................................18, 19

*West v. PBC Mgmt. LLC*,
   754 F. Supp. 3d 914 (N.D. Cal. 2024).................................................................................22

*Wilens v. Automattic Inc.*,
   No. C 14-02419 LB, 2014 WL 3530782 (N.D. Cal. July 16, 2014) ........................................8

**STATUTES**

17 U.S.C. § 512(g)(1) .............................................................................................................8, 14

17 U.S.C. § 512(g)(2) .......................................................................................................14, 17, 20

47 U.S.C. § 230(c)(1) ......................................................................................................11, 12, 13

47 U.S.C. § 230(c)(2) .................................................................................................................13

47 U.S.C. § 230(f)(2) ..................................................................................................................11

YOUTUBE'S MOTION TO DISMISS
Case No. 3:25-cv-01310-WHO

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2025, at 2:00 p.m., or as soon as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 2, 17th Floor, Defendant YouTube, LLC, by and through its counsel of record, will and hereby does move the Court for an order dismissing Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the pleadings and papers on file in this action and any argument and evidence to be presented at the hearing on this Motion, and any other matters that may properly come before the Court.

## STATEMENT OF ISSUES

1.      Whether Section 230 of the Communications Decency Act immunizes YouTube, as a matter of law, from Plaintiff's claim against YouTube.

2.      Whether Section 512(g) of the Digital Millennium Copyright Act (DMCA) immunizes YouTube, as a matter of law, from Plaintiff's claim against YouTube.

3.      Whether Plaintiff's claim against YouTube is preempted by the DMCA.

4.      Whether Plaintiff's claim against YouTube fails because Plaintiff's Complaint does not seek relief cognizable under California's Unfair Competition Law (UCL).

5.      Whether Plaintiff's claim against YouTube fails because Plaintiff has not alleged that YouTube engaged in any "unfair" conduct under the UCL.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

YouTube[1] allegedly removed Plaintiff's video review of Batman after receiving a takedown request from Warner Bros under the Digital Millennium Copyright Act (DMCA). Plaintiff now sues YouTube under California's Unfair Competition Law (UCL) for some vague and undescribed delay in YouTube reinstating that video on its website. For several reasons, Plaintiff's UCL claim must be dismissed.

First, YouTube enjoys complete immunity under the Communications Decency Act (CDA) for its decision to remove a user's content. That decision is quintessential "publisher" activity such that this is an open-and-shut case warranting dismissal under 47 U.S.C. § 230(c)(1), as this Court recognized on nearly identical facts only a couple of months ago. *Hall v. YouTube, LLC*, No. 24-cv-04071-WHO, 2025 WL 1482007, at *7 (N.D. Cal. May 5, 2025) (Orrick, J.). Second, YouTube enjoys immunity under the CDA's second immunity provision, 47 U.S.C. § 230(c)(2), which shields YouTube for its decision to remove content that it finds objectionable, and content that may subject YouTube to a claim of copyright infringement by Warner Bros. is certainly "objectionable" by any measure.

Third, *another* federal law immunizes YouTube against Plaintiff's claim here: the DMCA itself. The DMCA provides blanket immunity to service providers for "disabling of access to, or removal of, material or activity claimed to be infringing[.]" 17 U.S.C. § 512(g)(1). Plaintiff's suit arises out of YouTube's removal of his video, which Warner Bros. alleged to be infringing. Plaintiff has not alleged any facts to suggest that an exception to Section 512(g)(1) would apply.

---

[1] Google LLC was originally a named defendant in this action, but Plaintiff's Third Amended Complaint (Doc. 51) dropped Google LLC without explanation. As a matter of law, Google LLC has therefore been voluntarily dismissed. *See, e.g.,*, *Wilens v. Automattic Inc.*, No. C 14-02419 LB, 2014 WL 3530782, at *1 (N.D. Cal. July 16, 2014) (recognizing that amended complaint dropping a defendant named in the original complaint effectively dismisses that defendant from the action); *Hafiz v. Indymac Fed. Bank*, No. C 09-02300 SI, 2009 WL 2982830, at *2 (N.D. Cal. Sept. 14, 2009) (same). Nonetheless, the arguments asserted in this Motion apply to both Google and YouTube.

Fourth, even if YouTube were *not* immunized by both the CDA and the DMCA, the DMCA is nevertheless a federal law that fully preempts Plaintiff's sole claim asserted against YouTube for alleged violations of the UCL. The DMCA represents a complex and comprehensive federal law describing how YouTube is expected to act in connection with copyright takedown requests, user counternotices, and the reinstatement of content originally removed pursuant to a takedown request. That the DMCA does not provide a private right of action to Plaintiff for YouTube's alleged acts here is dispositive.

Finally, Plaintiff's barebones complaint has not stated a UCL claim against YouTube. For one, he has not sought any relief that is even cognizable under the UCL, nor has he alleged that he lacks an adequate remedy at law sufficient to permit a UCL claim to be adjudicated in federal court. For another, he has not identified any YouTube conduct that could reasonably be viewed as "unfair" under any standard. To the contrary, he has described conduct that is expressly *permitted* by federal law, the DMCA, which courts have recognized to preclude a UCL unfairness claim.

For these many reasons, the case should be dismissed with prejudice.

## II.     BACKGROUND

Remarkably few facts can be plucked from Plaintiff's skeletal Fourth Amended Complaint (4AC).[2] Doc. 53. The allegations against YouTube consist merely of a conclusory recitation of the UCL elements. The only *facts* alleged are as follows:

- Plaintiff uploaded to YouTube a "video review of a Batman movie he had seen." 4AC at 10.

---

[2] Despite being labeled a "First-Amended Complaint," Plaintiff's active complaint is indeed his fourth in this action. Doc. 53. His first and second complaints were filed in Texas state court on February 26, 2024 and April 2, 2024, respectively. His third complaint was filed in this court on July 21, 2025. Doc. 51. And his instant complaint was filed August 12, 2025 (and is admittedly identical to his third amended complaint, except that it corrects an allegation about himself, because his third amended complaint described a Washingtonian "Abraham Leavitt" as plaintiff).

- Warner Bros. "sent a false noticed [sic] of claimed infringement to YouTube" about that video, because that video did not infringe on any Warner Bros. copyright. *Id.*

- Warner Bros "later withdr[e]w the notice of claimed infringement." *Id.* at 12.

- While YouTube reinstated Plaintiff's video, YouTube failed to place that video "on the same footing as to where it would have been had the withdrawn claim not been filed," and also that the period of time for which the video was removed was an "important" one. *Id.* at 20–21.

Plaintiff further alleges that YouTube failed to "process and respect" some unidentified counternotice, though he does not allege any facts regarding when such counternotice was purportedly sent or to whom. *Id.* at 19.

Without exaggeration, the entirety of the 4AC's factual allegations against YouTube can therefore be combined into a single sentence: Warner Bros. sent a DMCA takedown notice, YouTube removed Plaintiff's video in response, Warner Bros. then withdrew its takedown notice, Plaintiff *might* have sent a DMCA counternotice, and YouTube reinstated the video. Because such a complaint cannot possibly satisfy federal pleading standards, the action should be dismissed. And granting leave for Plaintiff to file a *fifth* amended complaint would be futile, because even if Plaintiff could fill in the many missing blanks, federal laws preclude any action remotely like this.

## III.   ARGUMENT

### A.   The CDA bars this action.

Section 230 of the CDA has two parts, both of which independently immunize YouTube here.

#### 1.   YouTube is immunized by Section 230(c)(1) because its removal of Plaintiff's video is quintessential "publisher" activity.

Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by

another information content provider." 47 U.S.C. § 230(c)(1). The Ninth Circuit employs a three-part test for determining immunity under Section 230(c)(1). *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019). "Immunity from liability exists for (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Id.* (cleaned up).

That YouTube satisfies the first and third elements of *Dyroff* here cannot credibly be disputed. Under the first element, youtube.com is undeniably a "service, system, or access software . . . that provides or enables computer access by multiple users to a computer server[.]" 47 U.S.C. § 230(f)(2); *see also Divino Grp., LLC v. Google LLC*, No. 19-cv-04749, 2022 WL 4625076, at *16 (N.D. Cal. Sept. 30, 2022) (collecting cases in the Ninth Circuit recognizing same for YouTube). And Plaintiff is undeniably the "[]other information content provider" under the third element. *See, e.g., Sikhs for Just. "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1093-94 (N.D. Cal. 2015) ("[O]nly Plaintiff, not Defendant, acts as an information content provider in this case. As a result, the SFJ Page, which was created entirely by Plaintiff, is 'information provided by another information content provider' within the meaning of § 230."), *aff'd*, 697 F. App'x 526 (9th Cir. 2017).

Accordingly, here, the dispositive question is "whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.'" *Calisle v. Meta Platforms, Inc.*, 103 F.4th 732, 740 (9th Cir. 2024). "If it does, § 230(c)(1) precludes liability." *Id.* "[P]ublication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009). It follows that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Id.* at 1103 (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008)). This necessarily includes "decisions to remove, restrict, or demonetize [YouTube] videos[.]" *Divino Grp.*, 2022 WL

4625076, at *16 (recognizing CDA immunity for YouTube against UCL claim arising out of YouTube's removal of videos from platform).

This case presents a textbook application of Section 230(c)(1). Plaintiff asserts a single cause of action against YouTube, under the UCL, arising out of YouTube's removal of his Batman video from the platform. 4AC at 20. Unsurprisingly, this Court recognized just a few months ago that YouTube was entitled to CDA immunity on virtually identical facts. *Hall*, 2025 WL 1482007, at *7 (dismissing action by "content creator" plaintiff who brought state law claims for YouTube's alleged "mishandl[ing]" of DMCA takedown notices and reinstatements). "[R]emoving content is something publishers do . . . ." *Barnes*, 570 F.3d at 1103. Plaintiff may attempt to couch his UCL claim as arising from other YouTube actions, such as: failing to immediately notify Plaintiff of claimed infringement (4AC at 20); failing to process a counternotice quickly enough (4AC at 19); failing to sufficiently employ "content-detection" methods (*id.*); or having some sort of conspiratorial relationship with Warner Bros. (4AC at 20). But "no amount of careful pleading can change the fact that, in substance, plaintiff[] aim[s] to hold [YouTube] liable as a publisher . . . and that such liability is barred by the CDA." *Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1118 (N.D. Cal. 2016) (Orrick, J.), *aff'd*, 881 F.3d 739 (9th Cir. 2018). All of Plaintiff's ancillary allegations arise from—and would be utterly irrelevant without—Plaintiff's core complaint that YouTube removed his video. *See, e.g.*, 4AC at 20-21 (all of Plaintiff's alleged "injuries" arise out of his video being removed from "the platform for an important period of time"). "YouTube's management—or mismanagement—of user-generated videos . . . is at the heart of, and is protected by, Section 230." *Hall*, 2025 WL 1482007, at *7.

### 2. YouTube is immunized by Section 230(c)(2) because potentially liability-creating content is "objectionable."

Section 230(c)(2) provides that no provider of an interactive computer service shall be held liable for "any action voluntarily taken in good faith to restrict access to or availability of material that the provider . . . considers to be . . . objectionable, whether or

not such material is constitutionally protected[.]" 47 U.S.C. § 230(c)(2). This immunity "further encourages good samaritans by protecting service providers . . . from liability for claims arising out of the removal of potentially 'objectionable' material from their services." *Batzel v. Smith*, 333 F.3d 1018, 1030 n.14 (9th Cir. 2003), *superseded in part on other grounds by statute as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017). "This provision insulates service providers from claims premised on the taking down of a customer's posting such as breach of contract or unfair business practices." *Id.* (citation omitted). In tandem with Section 230(c)(1), the removal immunity of 230(c)(2) is "intended to spare interactive computer services the grim choice between voluntarily filtering content and being subject to liability on the one hand, and ignoring all problematic posts altogether to escape liability." *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 684 (9th Cir. 2019) (cleaned up).

Plaintiff seeks to subject YouTube to an even grimmer game of "pick your plaintiff." Plaintiff alleges that YouTube received a "notice of claimed infringement" about Plaintiff's video. 4AC at 12. At that point, YouTube could either:

1) maintain that video, ignoring a DMCA infringement notice from a corporation that is "highly sophisticated on copyright law," (4AC at 12), or

2) remove that video, thereby triggering Plaintiff's claim.

Were that plaintiffs' bar fever dream to become a reality, every interactive computer service would risk facing suit for routine removal decisions. Instead, YouTube's decision to remove a video in response to a DMCA takedown request is entirely immunized. It is immunized by the DMCA, *infra* at Part II.B., and it is immunized by the CDA, because it has taken a good faith action to remove material that it considers to be objectionable by virtue of: (1) the fact that a third party has written to YouTube *specifically requesting* that the material be removed; and (2) YouTube's failure to remove that material could subject YouTube to liability for secondary copyright infringement. *See, e.g., Perfect 10, Inc. v. Yandex N.V.*, No. C 12-01521 WHA, 2013 WL 1899851 (N.D. Cal. May 7, 2013) (allowing

1   action by copyright owner to continue against search engine arising out of search

2   engine's decision to continue hosting copyrighted materials after receipt of DMCA

3   notices).

4          **B.      YouTube is immunized from Plaintiff's UCL claim by the DMCA.**

5          The DMCA states that "service provider[s] shall not be liable to any person for

6   any claim based on the service provider's good faith disabling of access to, or removal

7   of, material or activity claimed to be infringing." 17 U.S.C. § 512(g)(1). Courts readily

8   dismiss complaints that explicitly bring claims against a service provider that arise out

9   of the disabling or removal of allegedly infringing content. *See, e.g., Long v. Dorset,* 369 F.

10  Supp. 3d 939, 946 (N.D. Cal. 2019) (dismissing DMCA claims against service providers

11  based on allegedly improper handling of takedown notices, and recognizing that "the

12  purpose of the DMCA would be undermined if the issue of expeditiousness could not be

13  resolved, when appropriate, as a matter of law"), *aff'd,* 854 F. App'x 861 (9th Cir. 2021),

14  *and vacated in part on other grounds*, No. 17-CV-02758-PJH, 2021 WL 7829668 (N.D. Cal.

15  May 21, 2021).

16         Here, Plaintiff admits that YouTube meets the DMCA's definition of a "service

17  provider," *see* 4AC at 11 (describing claim against Warner Bros. in context of its effect on

18  YouTube as "service provider"), and the Complaint makes clear that all of Plaintiff's

19  UCL claim consists entirely of allegations regarding YouTube's temporary disabling of

20  his video pursuant to the DMCA. *See, e.g.,* 4AC at 19 ("YouTube failed to process and

21  respect the counternotice when filed . . . ."); *id.* at 20 ("[O]nce Warner withdrew the

22  notice of claimed infringement, YouTube failed to make Mr. Sosa whole for the

23  withdrawn claim . . . ."); *id.* ("YouTube failed to immediately transfer the notice of

24  claimed infringement (as it was filed) to Mr. Sosa . . . .").

25         Section 512(g)(2) does provide various exceptions to the service provider

26  immunity but Plaintiff has not alleged any facts showing these exceptions apply. Nor

27  would it be appropriate for Plaintiff to argue that the burden is on YouTube to establish

28

that an exception does *not* apply here. Courts are wary of copyright plaintiffs who craft barebones complaints to skirt consideration of the immunity issue and regularly dismiss cases where the plaintiff failed to allege "even the most basic . . . facts" of a service provider's conduct. *Casterlow-Bey v. Google.com Inc.*, No. 17-CV-05686-RJB, 2017 WL 6732787, at *5 (W.D. Wash. Dec. 29, 2017). For example, in *Blocker v. Black Entertainment Television, LLC*, No. 3:17-CV-01406-AC, 2018 WL 3797568 (D. Or. June 26, 2018), *report and recommendation adopted*, No. 3:17-CV-01406-AC, 2018 WL 3795219 (D. Or. Aug. 8, 2018), the court found that the defendant service provider was immune from liability because the plaintiff "fail[ed] to allege whether or when he sent take-down notices" and "whether or what responses he received." *Id.* at *5. In line with the Ninth Circuit's artful pleading doctrine for federal question jurisdiction, Plaintiff should not be permitted to dodge plain statutory immunity provided under a federal law by simply omitting allegations relevant to an obviously applicable federal immunity. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law."). Among other critical omissions, Plaintiff has left out core allegations about the timings of Warner Bros.' takedown request, YouTube's removal of the video, Plaintiff's counternotice, Warner Bros.' retraction of its takedown notice, and YouTube's reinstatement of Plaintiff's video on the platform.

### C.     Even if the DMCA does not immunize YouTube's conduct here, the DMCA necessarily preempts Plaintiff's state-law claim.

Federal law preempts state law claims where "the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation." *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 22-CV-07505, 2023 WL 4157446, at *2 (C.D. Cal. Jan. 31, 2023) (quoting *Hillsborough County v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 713 (1985)). Broadly, "[f]ederal law's near total occupation of the field of copyright law . . . supports an inference that . . . the

federal system will be assumed to preclude enforcement of state laws on the same subject." *Id.* at *2 (C.D. Cal. Jan. 31, 2023). Consequently, "[n]umerous courts within the 9th Circuit" have concluded that "the DMCA preempts state law claims based on DMCA takedown notifications." *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, No. 21-CV-06536-EMC, 2022 WL 580788, at *13 (N.D. Cal. Feb. 25, 2022); *see Stardock Sys., Inc. v. Reiche*, No. C 17-07025 SBA, 2019 WL 8333514, at *4 (N.D. Cal. May 14, 2019) ("Courts in this district have found that the DMCA preempts state law claims arising out of the submission of infringement notices."); *Beyond Blond Prods., LLC v. Heldman*, No. 20-CV-5581, 2020 WL 4772796, at *3 (C.D. Cal. Aug. 17, 2020) (same); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-05696 CRB, 2011 WL 2690437, at *3 (N.D. Cal. July 8, 2011) (finding that the DMCA "regime preempts any state law claim based on an allegedly improper DMCA Takedown Notification"). Congress made its intention to exclusively occupy this subject clear when enacting the DMCA's "complex and comprehensive statutory regime that meticulously details the steps that providers must take to avoid liability and that copyright holders must take to enforce their rights." *Cinq*, 2023 WL 4157446, at *2.  Various courts have held that, given this comprehensive scheme, the DMCA provides "the sole remedy for a customer who objects to its contents and their *effects*." *Amaretto Ranch Breedables*, 2011 WL 2690437, at *4 (emphasis added) (quoting *Lenz v. Universal Music Corp.*, No. C 07-03783 JF, 2008 WL 962102, at *4 (N.D. Cal. Apr. 8, 2008). In fact, the Ninth Circuit has concluded that federal law that comprehensively regulates a subject matter preempts state law on the same subject matter, even if the "state law provisions did not deal with rights equivalent to those found in [the federal law]." *Lenz*, 2008 WL 962102, at *4.[3]

---

[3] This exclusive federal scheme governs the specific statutory process for takedown and reinstatement and does not supplant a platform's separate, broader rights concerning its removal or hosting of content as governed by its Terms of Service or other agreements. *See infra* n.5.

1    Plaintiff's UCL claim arises entirely from YouTube's actions in removing content

2    pursuant to the DMCA's statutory scheme. *See* 4AC at 10, 12, 20-21. He complains about

3    how long it took YouTube to provide him with a notice of infringement, or how quickly

4    YouTube acted in processing a counternotice, or about the "footing" upon which

5    YouTube placed that video after reinstatement. 4AC at 20. All of these allegations relate

6    to topics expressly covered by the DMCA, which dictates how service providers are

7    required to issue notice to an alleged infringer, what service providers should do with

8    counternotices, and how providers should "replace[] the removed material[.]" 17 U.S.C.

9    § 512(g)(2). The DMCA provides a comprehensive federal scheme for the takedown and

10   reinstatement of allegedly infringing content, and thus Plaintiff's UCL claim based on

11   such conduct is preempted.

12       **D.    Plaintiff has not adequately alleged a UCL claim.**

13       To survive the pleadings stage, the "factual allegations [in the complaint] 'must . .

14   . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765

15   F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d

16   1104, 1107 (9th Cir. 2013)). "A claim has facial plausibility when the plaintiff pleads

17   factual content that allows the court to draw the reasonable inference that the defendant

18   is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

19   *Atl. Corp. v. Twombly*, 550 U.S. 544 556 (2007)). The court "accept[s] factual allegations in

20   the complaint as true and construe[s] the pleadings in the light most favorable to the

21   nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

22   Cir. 2008). But the court is not "required to accept as true allegations that are merely

23   conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*

24   *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted).

25       Plaintiff has failed to meet those standards for at least two reasons. First, he has

26   not articulated any "plausible claim for relief" (*Iqbal*, 556 U.S. at 679) because damages

27   and attorneys fees are not available under the UCL and he lacks both Article III and

28

statutory standing to pursue equitable relief under the statute. And second, he has not adequately alleged that YouTube acted "unfairly" under the UCL, particularly because YouTube's alleged conduct is expressly permitted by federal law.

> **1.    Plaintiff cannot maintain his requested relief under the UCL.**

"A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *Weizman v. Talkspace, Inc.*, 705 F. Supp. 3d 984, 989 (N.D. Cal. 2023) (citing *Korea Supply* in holding same). "Under the UCL, a private plaintiff's remedies are limited to injunctive relief and restitution." *Duste v. Chevron Prods. Co.*, 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010); *see also Korea Supply*, 29 Cal. 4th at 1144 ("Prevailing plaintiffs are generally limited to injunctive relief and restitution." (cleaned up)). Attorney fees are not available under the UCL. *Gill v. Marsh USA, Inc.*, No. 24-cv-02366-RS, 2024 WL 3463351, at *6 (N.D. Cal. July 18, 2024) (dismissing UCL claim because plaintiff "failed to plead the appropriate remedy," and striking request for attorney fees because they are not permitted under the UCL).

Restitution under the UCL is defined as "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through the person." *Stanford Health Care v. Trustmark Servs. Co.*, No. 22-cv-03946-RS, 2023 WL 2743581, at *4 (N.D. Cal. Mar. 31, 2023) (quoting *Korea Supply*, 29 Cal. 4th at 1144-45) (additional quotations omitted). This requires that the UCL plaintiff seek "money . . . obtained by Defendants from Plaintiff in the first place." *Id.* (cleaned up). Where a plaintiff fails to state a cognizable remedy under the UCL, the UCL claim should be dismissed. *Id.*

Here, Plaintiff makes much ado about lost money or property, ostensibly to establish statutory standing under the UCL. For example, the Fourth Amended Complaint is concerned about the loss of monetized views, loss of return views, and a loss of good will with his existing viewers. 4AC at 20-21. But Plaintiff's ability to contrive

arguments about "lost money" do not make that lost money recoverable under the UCL; those are inherently non-restitutionary damages requests because they do not describe money obtained by YouTube from Plaintiff. Plaintiff's request for attorneys' fees falls similarly flat under the UCL.

As a result, Plaintiff is left only with his vague requests for "appropriate injunctive relief" and "declaratory relief." Here he encounters two dispositive threshold issues. First, he has failed to sufficiently allege Article III standing to pursue injunctive relief under the UCL. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 926 (N.D. Cal. 2012). Injunctive relief,[4] which is a prospective remedy, requires that the threat of injury be "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citations omitted). In other words, the "threatened injury must be certainly impending to constitute injury in fact" and "allegations of possible future injury are not sufficient." *Id.* (citations omitted). The 4AC does not offer a single allegation about a threat of future injury.

Second, to seek *any* relief under the UCL, Plaintiff must allege that he lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F. 3d 834, 844 (9th Cir. 2020) ("Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL . . . ."). This is an independent, black-letter basis for dismissing the case. *Weizman*, 705 F. Supp. 3d at 990 ("[C]ourts in this District have generally required that plaintiffs at least allege the lack of a remedy at law when asserting a UCL claim."). That will be a particularly difficult allegation for Plaintiff to make here consistent with Rule 11, where his prior complaints alleged copyright claims (Doc. 51) and Plaintiff's counsel has threatened to assert a breach of contract claim based on YouTube's terms of service. That Plaintiff's other adequate remedies at law would also fail or be dismissed at the Rule 12 stage is of no import to this analysis.

---

[4] A request for declaratory relief likewise requires Plaintiff to allege a threatened continuing or future violation of the law, which is nonexistent in the 4AC. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017).

1    *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1142 (9th Cir. 2025) (affirming disposal of UCL

2    claim where adequate remedy at law existed, even if Plaintiff could not achieve that

3    adequate remedy).

<strong>2.    Plaintiff has not adequately alleged that YouTube acted unfairly under the UCL.</strong>

5            "Specific legislation may limit the judiciary's power to declare [business] conduct

6    unfair. If the Legislature has permitted certain conduct . . . courts may not override that

7    determination." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182

8    (1999). Here, the DMCA expressly permits what YouTube is alleged to have done. First,

9    it immunizes YouTube's removal of content where YouTube received an infringement

10   notice. *Supra*, Part II.B.. And second, it expressly describes the steps that a platform must

11   take after it receives a counter-notice. 17 U.S.C. § 512(g)(2). If Plaintiff cannot plausibly

12   allege that YouTube took any steps inconsistent with that statutory schema, his UCL

13   unfairness claim must fail under *Cal-Tech*.

14           This case is similar to *McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1387

15   (2005). There, the plaintiffs sought to impose liability under the UCL for conduct that

16   was regulated by California's Money Transmission Law, Cal. Fin. Code § 1800 *et seq.*,

17   which lacked a private right of action. *See McCann*, 129 Cal. App. 4th at 1395. The court

18   held that "[t]he fact that California's comprehensive regulation of Defendants' practices

19   does not label the challenged practices unfair is a . . . defense to any such claim," *id.*, and

20   therefore dismissed the UCL claim. The result here should be the same: because the

21   DMCA regulates the very conduct on which Plaintiff bases his claim and does not label

22   it unfair, and because the DMCA lacks a private right of action for violating its put-back

23   procedures, Plaintiff cannot base his UCL claim on the threadbare content reinstatement

24   allegations found his complaint.

25           Even if the DMCA did not expressly permit the conduct upon which Plaintiff

26   bases his UCL claim, the complaint also fails to allege facts sufficient to state a claim for

1    UCL "unfairness" under either test that this court would use to make that

2    determination.

3    　　　"There are two possible tests to apply." *Kellman v. Spokeo*, 599 F. Supp. 3d 877, 896

4    (N.D. Cal. 2022) (Orrick, J.). Under the first, an "unfair" practice is that which "offends

5    an established public policy or when the practice is immoral, unethical, oppressive,

6    unscrupulous or substantially injurious to consumers." Under the other, it is "conduct

7    that threatens an incipient violation of an antitrust law, or violates the policy or spirit of

8    one of those laws because its effects are comparable to or the same as a violation of the

9    law, or otherwise significantly threatens or harms competition." But courts have divided

10   over whether or how this second test applies to actions by consumers rather than

11   competitors. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012).

12   *Id.* (quoting *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018).

13   　　　Under either test, Plaintiff has not alleged sufficient facts to suggest that

14   YouTube's conduct was "unfair" under the UCL. In fact, the 4AC complains only of

15   conduct isolated to Plaintiff's single video. *See* 4AC at 19-20. Complaint about an

16   isolated incident is not a complaint about a "practice" under the UCL at all,[5] and is

17   certainly not an allegation about an "immoral" practice that is "substantially injurious to

18   consumers" or that "harms competition." Plaintiff's only allegation even *aimed* at the

19   appropriate target is a single sentence about how YouTube's relationship with Warner

20   Bros. "prioritize[s] Warner and YouTube's business interests over other creators in a

21   manner that produces unfair competitive effects against smaller creators." 4AC at 20.

22   ────────────────

23   [5] In fact, Plaintiff has already recognized such a removal (or failure to reinstate) to be
     entirely fair. To upload a video to YouTube, Plaintiff must have agreed to YouTube's

24   terms of service, which provide that YouTube has "no obligation to host or serve
     Content," as well as the right, at its discretion, to remove a user's content where that

25   content may "cause harm to YouTube … or third parties." YouTube's terms are available
     at https://www.youtube.com/static?template=terms, and the Court may take judicial

26   notice of such terms at the pleadings stage. *See Lloyd v. Facebook, Inc.*, No. 21-cv-10075-
     EMC, 2022 WL 4913347, at *4 (N.D. Cal. Oct. 3, 2012) (taking judicial notice of Facebooks'

27   terms of service because it was a "publicly accessible webpage[]," the authenticity of
     which was not contested).

28

1   That allegation is not even an allegation of misconduct. But even if it were, Plaintiff has

2   not pleaded the "who, what, when, where, and how of the alleged misconduct," nor has

3   he explained how YouTube's business practices "rise to the level of immoral, unethical,

4   oppressive, unscrupulous, or substantially injurious practices." *Meyer v. Aabaco Small*

5   *Bus., LLC*, No. 5:17-cv-02102-EJD, 2018 WL 306688, at *4-5 (N.D. Cal. Jan. 5, 2018)

6   (dismissing at 12(b)(6) stage a UCL unfairness claim that alleged conclusory unfairness,

7   as here); *see also West v. PBC Mgmt. LLC*, 754 F. Supp. 3d 914, 924 (N.D. Cal. 2024) (same).

8        **E.**    **Amendment to identify the YouTube Does would be futile.**

9        Plaintiff need not be given an opportunity to identify and name the YouTube Doe

10  defendants, because they would succeed on all of the same arguments asserted above.

11  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of Doe defendants

12  prior to identification is appropriate where "complaint would be dismissed" even after

13  identification). Those Does enjoy the same immunities and rights under the CDA and

14  DMCA as enjoyed by YouTube. *See, e.g., Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1090-91 (9th

15  Cir. 2021) (CDA immunizes "*individuals* or entities that operate internet platforms"

16  (emphasis added)); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357-58 (D.C. Cir. 2014)

17  (similarly recognizing that employees are "providers" of interactive computer services

18  under the CDA); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1094-95 (C.D. Cal. 2001)

19  ("To hold that the safe harbor provision of the DMCA protects the company but not its

20  employees for the same alleged bad acts would produce an absurd result.").

21       Moreover, individual liability under the UCL is permitted only where "the

22  underlying cause of action can be alleged against them." *Russo v. Fed. Med. Servs., Inc.*,

23  744 F. Supp. 3d 914, 924 (N.D. Cal. 2024) (dismissing individual defendant where

24  complaint lacked UCL allegations specific to him); *see also Jeske v. Maxim Healthcare*

25  *Servs., Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *20 (E.D. Cal. Jan. 10, 2012)

26  (dismissing UCL claims against individual managers and supervisors because the

27  complaint lacked facts specific to those individuals). The 4AC does not contain a single

28

allegation specific to any YouTube individual. As a result, even if Plaintiff *had* alleged a viable UCL claim against YouTube (and he has not, for at least the many reasons articulated above), Plaintiff could not maintain such a claim against any YouTube employees such that amendment to name them would be futile.

## IV.    CONCLUSION

For the foregoing reasons, YouTube and the YouTube Does should be dismissed from the case and leave to amend need not be granted as amendment would be futile.

Dated:  August 20, 2025                 PERKINS COIE LLP

By: */s/ Hayden M. Schottlaender*
    Sunita Bali, Bar No. 274108
    Hayden M. Schottlaender,
    TX Bar No. 24098391
    (admitted *pro hac vice*)
    Jameson  Ullman, Bar No.
    345480

    *Attorneys for Defendant*
    *YouTube, LLC*

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that a copy of the foregoing has been served via

3  the court's electronic filing system on this 20th day of August, 2025.

4

5                                    _/s/ Hayden M. Schottlaender_
                                     Hayden M. Schottlaender

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YOUTUBE'S MOTION TO DISMISS
Case No. 3:25-cv-01310-WHO